IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| CAPITAL ONE FINANCIAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL FINANCIAL, INC., ENTERPRISE TECHNOLOGY GROUP, INC.,<br><br>Defendants. | Civil Action No. 8:05-cv-2246-30-EAJ |

## PRELIMINARY INJUNCTION
## AGAINST DEFENDANT CAPITAL FINANCIAL, INC.

This cause is before the Court with reference to the Plaintiff's Motion for Preliminary Injunction, Expedited Discovery, and Asset Freeze [Docket No.____], Memorandum of Points and Authorities in Support thereof [Doc. No.____], and Joint Notice of Consent by Capital Financial, Inc. to Entry of Preliminary Injunction [Doc. No. ____], and the Court having been fully advised of the premises, it is therefore

ORDERED and ADJUDGED that the motion is GRANTED as to Capital Financial, Inc[1]. The Court finds as follows:

---

[1] Plaintiff Capital One has withdrawn, as to Capital Financial, Inc. only, the present request for an asset freeze, without prejudice.

1

**CIVIL ACTION NO. 8:05-cv-2246-30-EAJ**

Defendant has filed no answer and has not admitted liability. The Court has jurisdiction over the subject matter in dispute and over all parties herein. Venue is proper in this Middle District. Defendant Capital Financial, Inc. ("Defendant" and "Capital Financial") admits those allegations of the Complaint necessary for the Court to find jurisdiction, venue, factual basis, and legal basis for entry and enforceability of this Preliminary Injunction.

## PLAINTIFF AND ITS SUCCESS IN THE INDUSTRY

Capital One Financial Corporation ("Capital One") is one of the nation's leading and best known financial institutions. Capital One is a publicly-traded company on the New York Stock Exchange, is included in the S&P 500 index, and is a Fortune 500 company. By and through its subsidiaries, Capital One maintains over 49.2 million accounts, manages loans totaling $84.8 billion, and employs over 13,000 associates worldwide.

Capital One and its subsidiaries offer a wide range of financial services in connection with the CAPITAL ONE name and mark, and other marks containing CAPITAL ONE (collectively the "CAPITAL ONE marks"), including credit cards; real estate financing, namely mortgage lending, home equity loans, lines of credit, and installment loans; banking services, namely savings accounts, checking accounts, certificates of deposit, and money market accounts; and automobile financing. Capital One is one of the top ten issuers of MasterCard and Visa credit cards in the United States. Capital One's services are offered in a variety of ways, including direct mail, Internet, and over the telephone.

## PLAINTIFF'S TRADEMARK RIGHTS

Capital One owns a number of federal trademark registrations comprised of and/or containing CAPITAL ONE, CAPITAL 1, and CAPITALONE.COM, including the following:

2

CIVIL ACTION NO. 8:05-cv-2246-30-EAJ

| Mark | Reg. No. | Services | Reg. Date |
|---|---|---|---|
| CAPITAL ONE | 2,065,991 | Credit card services, namely processing, underwriting, issuing, servicing and administering credit cards and secured cards. | 5/27/97 |
| CAPITAL ONE (stylized) | 1,992,626 | Financial services, namely consumer and commercial banking; processing, funding, underwriting and administering annuities; financial card, debit card and credit card services, namely processing, underwriting, issuing, servicing and administering credit cards, chip cards, debit cards, corporate cards, and secured cards; electronic funds transfer provided through automated teller machines; investment consultation, namely financial and investment planning and consulting; consumer and commercial leasing financing; real estate financing, namely mortgage lending, home equity loans, and commercial equity financing. | 8/13/96 |
| CAPITAL ONE | 2,065,992 | Financial services, namely consumer banking, namely secured and unsecured consumer installment lending; real estate financing, namely mortgage lending; and home equity loans. | 5/27/97 |
| CAPITALONE.COM | 2,075,171 | Providing financial information by means of a global communication network. | 7/1/97 |

3



CIVIL ACTION NO. 8:05-cv-2246-30-EAJ

| CAPITAL ONE | 2,727,453 | Financial services, namely commercial banking; processing, funding, underwriting and administering annuities; financial card and debit card services, namely processing, underwriting, issuing, servicing and administrating chip cards, debit cards, corporate card[s]; electronic funds transfer provided through automated teller machines; investment consultation, namely financial and investment planning and consulting; consumer and commercial leasing financing; real estate financing, namely commercial equity financing. | 6/17/03 |
| CAPITAL 1 | 2,228,223 | Financial services, namely banking services. | 3/2/99 |

These registrations are valid, enforceable, and owned by Capital One. Registration Nos. 2,065,992; 1,992,626; 2,065,991; and 2,075,171, have become incontestable.

Over the years, Capital One has spent billions of dollars advertising, marketing, and promoting its CAPITAL ONE name, marks, and services through a variety of national media, including television, radio, the Internet, direct mail, and print advertisements. Capital One also promotes its name, marks, and services through various other means, such as high-profile sponsorships, charitable activities, and community involvement.

As a result of its tremendous growth and success, Capital One has been featured in a variety of national print media. Capital One has also received numerous corporate and business awards over the years. Plaintiff's CAPITAL ONE name and mark is famous and enjoys tremendous brand awareness.

## DEFENDANTS

Defendants have offered a merchant card that can only be used to purchase products on

4

**CIVIL ACTION NO. 8:05-cv-2246-30-EAJ**

credit from Capital Financial's mail-order catalog and Internet website. Capital Financial employed Enterprise Technology Group, Inc. as a telemarketing firm to solicit customers for Capital Financial's merchant card. Defendants have no connection or affiliation with Capital One and do not (and cannot) provide Capital One credit cards.

Capital One has alleged, among other things, that Defendants have violated Plaintiff's trademark rights by offering consumers a "Capital One" credit card for a $200 fee, that Defendant Capital Financial takes the money without sending consumers any card, and that such use is likely to cause confusion and constitutes dilution in violation of 15 U.S.C. §§ 1114, 1116, and 1125.

IT IS HEREBY FURTHER ORDERED THAT:

A. Capital Financial and its officers, agents, servants, employees, attorneys, and those persons in active concert and participation with it who receive actual notice of this order by personal service or otherwise (including but not limited to all call centers and telemarketers used by Defendant), are enjoined from: (1) using the CAPITAL ONE name and mark in any way, (2) representing that Defendant is "Capital One" or that Defendant is related to or associated with Capital One or its services in any way, (3) offering or representing that Defendant offers "Capital One" credit cards or any of Capital One's other services, (4) using any name, mark, domain name, source-identifier, or designation comprised of or containing CAPITAL ONE, and any other confusingly similar name, mark, domain name, source-identifier, or designation in any manner likely to cause confusion or to dilute Plaintiff's CAPITAL ONE name and marks, or to otherwise cause injury to Capital One and/or its reputation; and (5) representing, by any means whatsoever, directly or indirectly, that Defendants, their goods or services, and/or their activities originate from, are sponsored by, or are associated, affiliated, or

5

CIVIL ACTION NO. 8:05-cv-2246-30-EAJ

connected with Capital One in any way.

B. Capital Financial and its officers, agents, servants, employees, attorneys, and those persons in active concert and participation with it who receive actual notice of this order by personal service or otherwise (including but not limited to all call centers and telemarketers used by Defendant), are directed to preserve all documents and evidence pertaining in any way to the subject matter of this action, including without limitation Plaintiff's claims herein.

C. Plaintiff is permitted to immediately serve all forms of discovery requests and notices of deposition on Capital Financial. Capital Financial shall respond to those requests and make persons available for deposition within 15 days of service. Plaintiff may serve discovery any time on or after December 16, 2005.

D. Defendant shall provide a copy of this order to all call centers and telemarketers used by Defendant.

E. Plaintiff shall not be required to post a bond.

**DONE** and **ORDERED** at Chambers, Tampa, Florida this 14 day of December, 2005.

Date: 14 Dec. 2005

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

[signature] 12/14/05
[signature] /PRESIDENT 12/14/05

6